ORVILLE SEXTON, Plaintiff in Error, *v.* THE SCHOOL COMMISSIONER OF GALLATIN COUNTY, for the use of inhabitants of Township Number 9, South, Range 10 East, Defendant in Error.

### ERROR TO GALLATIN.

Under the school law of 1845, in order to recover the extra interest allowed, in case of default in the payment of school money borrowed, there should be an especial averment in the declaration claiming the penalty.

THIS was an action of debt, commenced by ordinary summons in the Circuit Court of Gallatin county, on the 13th day of May, 1856, at the suit of the School Commissioner of said county, for the use of the inhabitants of Township No. 9 South, of Range No. 10 East, against Orville Sexton, the plaintiff in error, and John A. McClernand.

The action was brought upon a note under seal, executed by said Sexton, John Lane, and the said McClernand, on the 25th day of October, 1847, whereby they jointly and severally prom-

ised to pay, twelve months after the date thereof, to the School Commissioner of Gallatin county, for the use aforesaid, the sum of eighty-three dollars and thirty-three and third cents, with interest thereon, at the rate of eight per cent. per annum, to be paid half-yearly, in advance, from the date thereof.

Lane having died, only Sexton and McClernand were declared against.

The declaration is in the usual form of debt, and contains no claim for twelve per cent. damages upon the failure to pay the principal or interest of the note sued upon.

At the October term, 1856, a judgment was rendered against the defendants below, for the debt and damages, to be assessed by the clerk, whereupon the clerk reported the debt to be $83.33 1-3, and the damages, being interest on the note sued on, to be $143.65, and making in the aggregate $226.98, for which judgment was given and execution awarded.

From this judgment Sexton prosecutes his separate writ of error, and assigns the following errors:

The court erred in directing the clerk to assess the debt, instead of finding the amount of the debt, and directing the clerk simply to assess the damages.

The judgment is erroneous in the amount of damages given, which is $143.65, when the interest, which had accrued on the debt to the time of the rendition of the judgment, at the rate of eight per cent. per annum, compounded semi-annually, was only about $85.17.

The judgment is erroneous in being for too large an amount in damages.

Wherefore the said plaintiff in error prays a reversal of said judgment, and that the proper judgment be rendered in this court, etc.

N. L. FREEMAN, for Plaintiff in Error.

W. THOMAS, for Defendant in Error.

CATON, C. J. The note upon which this action was brought, was given under the school law of 1845, which was reënacted in terms in 1849. It was said by this court, in the case of Trustees of Schools v. Bibb, 14 Ill. R. 272, that this last act was substantially the same as the law of 1835 as to the penalty for not promptly paying school money loaned, except that the penalty is reduced from twenty to twelve per cent. If the question was not directly presented in that case, it is in this, and we are still of the same opinion. Under the law of 1835, it was decided by this court, in the case of Hamilton v. Wright,

1 Scam. R. 582, that the twenty per cent. imposed for not paying school money borrowed, when due, was in the nature of a penalty, and could not be recovered upon a declaration in the ordinary form upon the note, but that a special averment should be inserted, claiming the penalty. We think the same rule prevails under the statute of 1845. It may, no doubt, as the statute says, be recovered in an action upon the note, but then the declaration should expressly show that the note was given for school money borrowed, and should specially claim the penalty of twelve per cent. for withholding the money. The declaration in this case is in the ordinary form, and contains no such averment. How could the clerk know when he assessed these damages, or how can we know now, that this note was given for school money loaned ? It may have been for the rent of school land, or to compromise a trespass upon school land, or for some other consideration other than money loaned. The defendant below, by making default, confessed that he owed the amount purporting to be due upon the note, but he did not thereby confess that the note was given for money loaned, or that he was liable for the penalty given for withholding money borrowed of the school fund after it became due.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*